1  AMY W. SCHULMAN
   DLA PIPER LLP
2  1251 Avenue of the Americas
   New York, NY 10020
3  Telephone: (212) 335-4500
   Facsimile: (212) 335-4501
4  amy.schulman@dlapiper.com

5  STUART M. GORDON (SBN: 037477)
   GORDON & REES LLP
6  Embarcadero Center West
   275 Battery Street, Suite 2000
7  San Francisco, CA 94111
   Telephone: (415) 986-5900
8  Facsimile: (415) 986-8054
   sgordon@gordonrees.com

9
   MICHAEL C. ZELLERS (SBN: 146904)
10 TUCKER ELLIS & WEST LLP
   515 South Flower Street, Suite 4200
11 Los Angeles, CA 90071-2223
   Telephone: (213) 430-3400
12 Facsimile: (213) 430-3409
   michael.zellers@tuckerellis.com
13
   Attorneys for Defendant
14 PFIZER INC.

15             UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17               SAN FRANCISCO DIVISION

18
   IN RE BEXTRA AND CELEBREX            )  MDL Docket No. 1699
19 MARKETING, SALES PRACTICES AND       )
   PRODUCTS LIABILITY LITIGATION        )  CASE NO. 3:07-cv-5231-CRB
20 _____      )
   This document relates to             )
21                                      )  **PFIZER INC.'S ANSWER TO**
   DINA TSOURDINIS, On Behalf of and As )  **COMPLAINT**
22 Administrator of the Estate of NATALIA )
   ANASTASOPLOUS, Deceased,             )  **JURY DEMAND ENDORSED**
23                                      )  **HEREIN**
            Plaintiff,                  )
24                                      )
        vs.                             )
25                                      )
   PFIZER, INC.,                        )
26                                      )
            Defendant.                  )
27 _____      )

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    NOW COMES Defendant Pfizer Inc. (improperly captioned in Plaintiff's Complaint as

2    "Pfizer, Inc.") ("Pfizer" or "Defendant") and files this Answer to Plaintiff's Complaint

3    ("Complaint"), and would respectfully show the Court as follows:

4                                    **I.**

5                               **ANSWER**

6    1.    Defendant admits that Plaintiff brought this civil action seeking monetary damages, but

7    denies that Plaintiff is entitled to any relief or damages.  Defendant is without knowledge or

8    information sufficient to form a belief as to the truth of the allegations in this paragraph of the

9    Complaint regarding Decedent's medical condition and whether Decedent used Celebrex®,

10   and, therefore, denies the same.  Defendant states that Celebrex® was and is safe and effective

11   when used in accordance with its FDA-approved prescribing information.  Defendant denies

12   any wrongful conduct, denies that Celebrex® caused Plaintiff or Decedent injury or damage,

13   and denies the remaining allegations contained in this paragraph of the Complaint.

14                **Response to Allegations Regarding Parties**

15   2.    Defendant is without knowledge or information sufficient to form a belief as to the truth

16   of the allegations concerning Decedent's citizenship, and, therefore, denies the same.

17   Defendant denies the remaining allegations in this paragraph of the Complaint.

18   3.    Defendant is without knowledge or information sufficient to form a belief as to the truth

19   of the allegations concerning Plaintiff's citizenship, Plaintiff's and Decedent's relationship, and

20   whether Plaintiff has been appointed the Guardian of Decedent's Estate, and, therefore, denies

21   the same.  Defendant denies the remaining allegations in this paragraph of the Complaint.

22   4.    Defendant admits that Pfizer is a Delaware corporation with its principal place of

23   business in New York.  Defendant admits that Pfizer is registered to do and does business in

24   Illinois.  Defendant admits that Pfizer may be served through its registered agent.  Defendant

25   denies any wrongful conduct, denies that it committed a tort in the State of Illinois, and denies

26   the remaining allegations in this paragraph of the Complaint.

27   5.    This paragraph of the Complaint contains legal contentions to which no response is

28   required.  To the extent that a response is deemed required, Defendant admits that Pharmacia

**Gordon & Rees, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia

2   became subsidiaries of Pfizer. Defendant denies any wrongful conduct and denies the

3   remaining allegations in this paragraph of the Complaint.

4   6.      Defendant admits that, during certain periods of time, Celebrex® was manufactured and

5   packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra®

6   in the United States to be prescribed by healthcare providers who are by law authorized to

7   prescribe drugs in accordance with their approval by the FDA. Defendant admits that, as the

8   result of a merger in April 2003, Searle became a subsidiary of Pfizer. Defendant denies the

9   remaining allegations in this paragraph of the Complaint.

10  7.      Defendant admits that Pharmacia acquired Searle in 2000 and that, as the result of a

11  merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendant denies

12  the remaining allegations in this paragraph of the Complaint.

13  8.      This paragraph of the Complaint contains legal contentions to which no response is

14  required. To the extent that a response is deemed required, Defendant admits that Pharmacia

15  acquired Searle in 2000. Defendant denies any wrongful conduct and denies the remaining

16  allegations in this paragraph of the Complaint.

17  9.      This paragraph of the Complaint contains legal contentions to which no response is

18  required. To the extent that a response is deemed required, Defendant admits that Pharmacia

19  acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia

20  became subsidiaries of Pfizer. Defendant denies any wrongful conduct and denies the

21  remaining allegations in this paragraph of the Complaint.

22              **Response to Allegations Regarding Jurisdiction and Venue**

23  10.     Defendant is without knowledge or information sufficient to form a belief as to the truth

24  of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and the

25  amount in controversy, and, therefore, denies the same. However, Defendant admits that

26  Plaintiff claims that the parties are diverse and that the amount in controversy exceeds $75,000,

27  exclusive of interests and costs.

28  11.     Defendant is without knowledge or information sufficient to form a belief as to the truth

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

of the allegations in this paragraph of the Complaint regarding the judicial district in which the asserted claims allegedly arose, and, therefore, denies the same. Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States, including California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant admits that Pfizer does business in California. Defendant denies any wrongful conduct, denies committing a tort in the States of California or Illinois, and denies the remaining allegations in this paragraph of the Complaint.

### Response to Factual Allegations

12.    Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States, including Illinois, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant admits that it provided FDA-approved prescribing information regarding Celebrex®. Defendant denies the remaining allegations in this paragraph of the Complaint.

13.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Decedent's medical condition and whether Decedent used Celebrex®, and, therefore, denies the same. Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant denies the remaining allegations in this paragraph of the Complaint.

14.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendant denies the remaining allegations in this paragraph of the Complaint.

15.    Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant admits

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   that it provided FDA-approved prescribing information regarding Celebrex®. Defendant

2   denies the remaining allegations in this paragraph of the Complaint.

3   16.    Defendant admits that Celebrex® is in a class of drugs that is, at times, referred to as

4   non-steroidal anti-inflammatory drugs ("NSAIDs"). Defendant states that, as stated in the

5   FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to

6   be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2

7   (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the

8   cyclooxygenase-1 (COX-1) isoenzyme." Defendant denies the remaining allegations in this

9   paragraph of the Complaint.

10   17.    Defendant admits that, on December 31, 1998, the FDA granted approval of Celebrex®

11   for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; and (2)

12   for relief of the signs and symptoms of rheumatoid arthritis in adults. Defendant denies the

13   remaining allegations in this paragraph of the Complaint.

14   18.    Defendant admits that, on December 23, 1999, the FDA granted approval of Celebrex®

15   to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis

16   ("FAP") as an adjunct to usual care (e.g. endoscopic surveillance surgery). Defendant denies

17   the remaining allegations in this paragraph of the Complaint.

18   19.    Defendant admits that, on October 18, 2001, the FDA granted approval of Celebrex®

19   for the following indications (1) for the management of acute pain in adults; and (2) for the

20   treatment of primary dysmenorrhea. Defendant denies the remaining allegations in this

21   paragraph of the Complaint.

22   20.    Defendant states that the referenced article speaks for itself and respectfully refers the

23   Court to the article for its actual language and full text. Any attempt to characterize the article

24   is denied. Defendant denies the remaining allegations in this paragraph of the Complaint.

25   21.    Defendant states that the referenced article speaks for itself and respectfully refers the

26   Court to the article for its actual language and full text. Any attempt to characterize the article

27   is denied. Defendant denies the remaining allegations in this paragraph of the Complaint.

28   22.    Defendant states that the referenced article speaks for itself and respectfully refers the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Court to the article for its actual language and full text.  Any attempt to characterize the article

2    is denied.  Defendant states that Celebrex® was and is safe and effective when used in

3    accordance with its FDA-approved prescribing information.  Defendant states that the potential

4    effects of Celebrex® were and are adequately described in its FDA-approved prescribing

5    information, which at all times was adequate and comported with applicable standards of care

6    and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this

7    paragraph of the Complaint.

8    23.    Defendant states that the referenced individual's statement is neither complete nor

9    presented in a context that enables Defendant to form a belief as to the truth of the allegations in

10   this paragraph of the Complaint.  Defendant states that the alleged statement speaks for itself

11   and denies any attempt to characterize it.  Defendant denies the remaining allegations in this

12   paragraph of the Complaint.

13   24.    Defendant states that the referenced individual's statement is neither complete nor

14   presented in a context that enables Defendant to form a belief as to the truth of the allegations in

15   this paragraph of the Complaint.  Defendant states that the alleged statement speaks for itself

16   and denies any attempt to characterize it.  Defendant denies the remaining allegations in this

17   paragraph of the Complaint.

18   25.    Defendant states that the referenced study speaks for itself and respectfully refers the

19   Court to the study for its actual language and text.  Any attempt to characterize the study is

20   denied.  Defendant denies the remaining allegations in this paragraph of the Complaint.

21   26.    Defendant states that the referenced study speaks for itself and respectfully refers the

22   Court to the study for its actual language and text.  Any attempt to characterize the study is

23   denied.  Defendant denies the remaining allegations in this paragraph of the Complaint.

24   27.    Plaintiff does not allege that Decedent used Bextra® in this Complaint.  Nevertheless,

25   Defendant states that Bextra® was and is safe and effective when used in accordance with its

26   FDA-approved prescribing information.  Defendant denies the allegations in this paragraph of

27   the Complaint.

28   28.    To the extent that the allegations in this paragraph of the Complaint refer to Pfizer's

annual reports, Defendant states that such reports speak for themselves and respectfully refer the Court to the reports for their actual language and text. Any attempt to characterize the reports is denied. Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant denies the remaining allegations in this paragraph of the Complaint.

29.    To the extent that the allegations in this paragraph of the Complaint refer to Pfizer's annual reports, Defendant states that such reports speak for themselves and respectfully refer the Court to the reports for their actual language and text. Any attempt to characterize the reports is denied. Defendant denies the remaining allegations in this paragraph of the Complaint.

30.    To the extent that the allegations in this paragraph of the Complaint refer to Pfizer's annual reports, Defendant states that such reports speak for themselves and respectfully refer the Court to the reports for their actual language and text. Any attempt to characterize the reports is denied. Defendant denies the remaining allegations in this paragraph of the Complaint.

31.    Defendant admits that the FDA sent a letter to Pfizer dated January 10, 2005. Defendant states that the referenced letter speaks for itself and respectfully refers the Court to the letter for its actual language and text. Any attempt to characterize the letter is denied. Defendant denies the remaining allegations in this paragraph of the Complaint.

32.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

33.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

34.     Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

35.     Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

36.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, denies the same.  Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

**Response to Allegations Regarding Decedent's Use of Celebrex®**

37.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    applicable standards of care and law.  Defendant denies any wrongful conduct and denies the

2    remaining allegations in this paragraph of the Complaint.

3    38.    Defendant is without knowledge or information sufficient to form a belief as to the truth

4    of the allegations in this paragraph of the Complaint regarding Decedent's medical condition

5    and whether Decedent used Celebrex®, and, therefore, denies the same.  Defendant states that

6    Celebrex® was and is safe and effective when used in accordance with its FDA-approved

7    prescribing information.    Defendant denies any wrongful conduct, denies that Celebrex®

8    caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this

9    paragraph of the Complaint.

10    39.    Defendant is without knowledge or information sufficient to form a belief as to the truth

11    of the allegations in this paragraph of the Complaint regarding Decedent's medical condition

12    and whether Decedent used Celebrex®, and, therefore, denies the same.  Defendant denies the

13    remaining allegations in this paragraph of the Complaint.

14    40.    Defendant is without knowledge or information sufficient to form a belief as to the truth

15    of the allegations in this paragraph of the Complaint regarding Decedent's medical condition

16    and whether Decedent used Celebrex®, and, therefore, denies the same.  Defendant denies the

17    remaining allegations in this paragraph of the Complaint.

18    41.    Defendant is without knowledge or information sufficient to form a belief as to the truth

19    of the allegations in this paragraph of the Complaint regarding Decedent's medical condition

20    and whether Decedent used Celebrex®, and, therefore, denies the same.  Defendant denies the

21    remaining allegations in this paragraph of the Complaint.

22    42.    Defendant is without knowledge or information sufficient to form a belief as to the truth

23    of the allegations in this paragraph of the Complaint regarding Decedent's medical condition

24    and whether Decedent used Celebrex®, and, therefore, denies the same.  Defendant denies the

25    remaining allegations in this paragraph of the Complaint.

26    43.    Defendant is without knowledge or information sufficient to form a belief as to the truth

27    of the allegations in this paragraph of the Complaint regarding Decedent's medical condition

28    and whether Decedent used Celebrex®, and, therefore, denies the same.  Defendant states that

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

44.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint whether Decedent used Celebrex®, and, therefore, denies the same. Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

45.     Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

46.     Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

47.     Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

**Response to Allegations Regarding Fraudulent Concealment**

48.     Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

of the Complaint.

49.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

50.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

51.    This paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

### Response to First Cause of Action:

### Strict Products Liability – Defective Design

52.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

53.    Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant denies the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   54.    Defendant states that Celebrex® was and is safe and effective when used in accordance

2   with its FDA-approved prescribing information.  Defendant states that the potential effects of

3   Celebrex® were and are adequately described in its FDA-approved prescribing information,

4   which at all times was adequate and comported with applicable standards of care and law.

5   Defendant denies any wrongful conduct, denies that Celebrex® is defective or unreasonably

6   dangerous, and denies the remaining allegations in this paragraph of the Complaint.

7   55.    Defendant is without knowledge or information sufficient to form a belief as to the truth

8   of the allegations in this paragraph of the Complaint regarding whether Decedent used

9   Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe

10  and effective when used in accordance with its FDA-approved prescribing information.

11  Defendant states that the potential effects of Celebrex® were and are adequately described in its

12  FDA-approved prescribing information, which at all times was adequate and comported with

13  applicable standards of care and law.  Defendant denies any wrongful conduct, denies that

14  Celebrex® is defective or unreasonably dangerous, and denies the remaining allegations in this

15  paragraph of the Complaint.

16  56.    Defendant states that Celebrex® was and is safe and effective when used in accordance

17  with its FDA-approved prescribing information.  Defendant states that the potential effects of

18  Celebrex® were and are adequately described in its FDA-approved prescribing information,

19  which at all times was adequate and comported with applicable standards of care and law.

20  Defendant denies any wrongful conduct, denies that Celebrex® is defective, and denies the

21  remaining allegations in this paragraph of the Complaint.

22  57.    Defendant is without knowledge or information sufficient to form a belief as to the truth

23  of the allegations in this paragraph of the Complaint regarding whether Decedent used

24  Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe

25  and effective when used in accordance with its FDA-approved prescribing information.

26  Defendant states that the potential effects of Celebrex® were and are adequately described in its

27  FDA-approved prescribing information, which at all times was adequate and comported with

28  applicable standards of care and law.  Defendant denies any wrongful conduct and denies the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    remaining allegations in this paragraph of the Complaint.

2    58.    Defendant states that Celebrex® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.  Defendant states that the potential effects of

4    Celebrex® were and are adequately described in its FDA-approved prescribing information,

5    which at all times was adequate and comported with applicable standards of care and law.

6    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

7    of the Complaint.

8    59.    Defendant is without knowledge or information sufficient to form a belief as to the truth

9    of the allegations in this paragraph of the Complaint regarding whether Decedent used

10   Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe

11   and effective when used in accordance with its FDA-approved prescribing information.

12   Defendant states that the potential effects of Celebrex® were and are adequately described in its

13   FDA-approved prescribing information, which at all times was adequate and comported with

14   applicable standards of care and law.  Defendant denies any wrongful conduct, denies that

15   Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations

16   in this paragraph of the Complaint.

17   60.    Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff or

18   Decedent injury or damage, and denies the remaining allegations in this paragraph of the

19   Complaint.

20                        **Response to Second Cause of Action:**

21         **Strict Products Liability – Defect Due to Inadequate Warnings**

22   61.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

23   Complaint as if fully set forth herein.

24   62.    Defendant states that Celebrex® was and is safe and effective when used in accordance

25   with its FDA-approved prescribing information.  Defendant states that the potential effects of

26   Celebrex® were and are adequately described in its FDA-approved prescribing information,

27   which at all times was adequate and comported with applicable standards of care and law.

28   Defendant denies any wrongful conduct, denies that Celebrex® is defective, and denies the

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

-13-

1    remaining allegations in this paragraph of the Complaint.

2    63.    Defendant states that Celebrex® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.  Defendant states that the potential effects of

4    Celebrex® were and are adequately described in its FDA-approved prescribing information,

5    which at all times was adequate and comported with applicable standards of care and law.

6    Defendant denies any wrongful conduct, denies that Celebrex® is defective, and denies the

7    remaining allegations in this paragraph of the Complaint.

8    64.    Defendant is without knowledge or information sufficient to form a belief as to the truth

9    of the allegations in this paragraph of the Complaint regarding whether Decedent used

10   Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe

11   and effective when used in accordance with its FDA-approved prescribing information.

12   Defendant states that the potential effects of Celebrex® were and are adequately described in its

13   FDA-approved prescribing information, which at all times was adequate and comported with

14   applicable standards of care and law.  Defendant denies any wrongful conduct, denies that

15   Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations

16   in this paragraph of the Complaint.

17   65.    Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff or

18   Decedent injury or damage, and denies the remaining allegations in this paragraph of the

19   Complaint.

20                    **Response to Third Cause of Action:**

21   **Strict Products Liability – Defect Due to Failure to Conduct Adequate Testing**

22   66.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

23   Complaint as if fully set forth herein.

24   67.    Defendant states that Celebrex® was and is safe and effective when used in accordance

25   with its FDA-approved prescribing information.  Defendant states that the potential effects of

26   Celebrex® were and are adequately described in its FDA-approved prescribing information,

27   which at all times was adequate and comported with applicable standards of care and law.

28   Defendant denies any wrongful conduct, denies that Celebrex® is defective, and denies the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-14-

1    remaining allegations in this paragraph of the Complaint.

2    68.    Defendant states that Celebrex® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.  Defendant states that the potential effects of

4    Celebrex® were and are adequately described in its FDA-approved prescribing information,

5    which at all times was adequate and comported with applicable standards of care and law.

6    Defendant denies any wrongful conduct, denies that Celebrex® is defective, and denies the

7    remaining allegations in this paragraph of the Complaint.

8    69.    Defendant is without knowledge or information sufficient to form a belief as to the truth

9    of the allegations in this paragraph of the Complaint regarding whether Decedent used

10    Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe

11    and effective when used in accordance with its FDA-approved prescribing information.

12    Defendant states that the potential effects of Celebrex® were and are adequately described in its

13    FDA-approved prescribing information, which at all times was adequate and comported with

14    applicable standards of care and law.  Defendant denies any wrongful conduct, denies that

15    Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations

16    in this paragraph of the Complaint.

17    70.    Defendant is without knowledge or information sufficient to form a belief as to the truth

18    of the allegations in this paragraph of the Complaint regarding whether Decedent used

19    Celebrex®, and, therefore, denies the same.  Defendant denies any wrongful conduct, denies

20    that Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining

21    allegations in this paragraph of the Complaint.

22    **Response to Fourth Cause of Action: Fraud**

23    71.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

24    Complaint as if fully set forth herein.

25    72.    Defendant states that Celebrex® was and is safe and effective when used in accordance

26    with its FDA-approved prescribing information.  Defendant states that the potential effects of

27    Celebrex® were and are adequately described in its FDA-approved prescribing information,

28    which at all times was adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

2    of the Complaint.

3    73.    Defendant is without knowledge or information sufficient to form a belief as to the truth

4    of the allegations in this paragraph of the Complaint regarding whether Decedent used

5    Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe

6    and effective when used in accordance with its FDA-approved prescribing information.

7    Defendant states that the potential effects of Celebrex® were and are adequately described in its

8    FDA-approved prescribing information, which at all times was adequate and comported with

9    applicable standards of care and law.  Defendant denies any wrongful conduct, denies that

10   Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations

11   in this paragraph of the Complaint.

12   74.    Defendant is without knowledge or information sufficient to form a belief as to the truth

13   of the allegations in this paragraph of the Complaint regarding whether Decedent used

14   Celebrex®, and, therefore, denies the same.  Defendant denies any wrongful conduct, denies

15   that Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining

16   allegations in this paragraph of the Complaint.

17                      **Response to Fifth Cause of Action: Negligence**

18   75.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

19   Complaint as if fully set forth herein.

20   76.    Defendant states that this paragraph of the Complaint contains legal contentions to

21   which no response is required.  To the extent that a response is deemed required, Defendant

22   admits that it had duties as are imposed by law but denies having breached such duties.

23   Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted

24   Celebrex® in the United States to be prescribed by healthcare providers who are by law

25   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant denies

26   the remaining allegations in this paragraph of the Complaint.

27   77.    Defendant states that Celebrex® was and is safe and effective when used in accordance

28   with its FDA-approved prescribing information.  Defendant states that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Celebrex® were and are adequately described in its FDA-approved prescribing information,

2    which at all times was adequate and comported with applicable standards of care and law.

3    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

4    of the Complaint.

5    78.    Defendant states that Celebrex® was and is safe and effective when used in accordance

6    with its FDA-approved prescribing information.  Defendant states that the potential effects of

7    Celebrex® were and are adequately described in its FDA-approved prescribing information,

8    which at all times was adequate and comported with applicable standards of care and law.

9    Defendant denies any wrongful conduct, denies that Celebrex® is unreasonably dangerous, and

10    denies the remaining allegations in this paragraph of the Complaint.

11    79.    Defendant states that this paragraph of the Complaint contains legal contentions to

12    which no response is required.  To the extent that a response is deemed required, Defendant

13    admits that it had duties as are imposed by law but denies having breached such duties.

14    Defendant is without knowledge or information sufficient to form a belief as to the truth of the

15    allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®,

16    and, therefore, denies the same.  Defendant states that Celebrex® was and is safe and effective

17    when used in accordance with its FDA-approved prescribing information.  Defendant states that

18    the potential effects of Celebrex® were and are adequately described in its FDA-approved

19    prescribing information, which at all times was adequate and comported with applicable

20    standards of care and law.  Defendant denies any wrongful conduct and denies the remaining

21    allegations in this paragraph of the Complaint.

22    80.    Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff or

23    Decedent injury or damage, and denies the remaining allegations in this paragraph of the

24    Complaint.

25    **Response to Sixth Cause of Action: Negligent Misrepresentation**

26    81.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

27    Complaint as if fully set forth herein.

28    82.    Defendant states that Celebrex® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  with its FDA-approved prescribing information.  Defendant states that the potential effects of

2  Celebrex® were and are adequately described in its FDA-approved prescribing information,

3  which at all times was adequate and comported with applicable standards of care and law.

4  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

5  of the Complaint.

6  83.    Defendant is without knowledge or information sufficient to form a belief as to the truth

7  of the allegations in this paragraph of the Complaint regarding whether Decedent used

8  Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe

9  and effective when used in accordance with its FDA-approved prescribing information.

10  Defendant states that the potential effects of Celebrex® were and are adequately described in its

11  FDA-approved prescribing information, which at all times was adequate and comported with

12  applicable standards of care and law.  Defendant denies any wrongful conduct, denies that

13  Celebrex® is defective, denies that Celebrex® caused Plaintiff or Decedent injury or damage,

14  and denies the remaining allegations in this paragraph of the Complaint, including all subparts.

15  **Response to Seventh Cause of Action: Express Warranty**

16  84.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

17  Complaint as if fully set forth herein.

18  85.    Defendant states that this paragraph of the Complaint contains legal contentions to

19  which no response is required.  To the extent that a response is deemed required, Defendant

20  admits that it had duties as are imposed by law but denies having breached such duties.

21  Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted

22  Celebrex® in the United States to be prescribed by healthcare providers who are by law

23  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant states

24  that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

25  prescribing information.  Defendant states that the potential effects of Celebrex® were and are

26  adequately described in its FDA-approved prescribing information, which at all times was

27  adequate and comported with applicable standards of care and law.  Defendant denies any

28  wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

1    86.    Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff or

2    Decedent injury or damage, and denies the remaining allegations in this paragraph of the

3    Complaint.

4    **Response to Eighth Cause of Action: Implied Warranty of Merchantability**

5    87.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

6    Complaint as if fully set forth herein.

7    88.    Defendant is without knowledge or information sufficient to form a belief as to the truth

8    of the allegations in this paragraph of the Complaint regarding whether Decedent used

9    Celebrex®, and, therefore, denies the same.  Defendant admits that, during certain periods of

10   time, Pfizer marketed and co-promoted Celebrex® in the United States to be prescribed by

11   healthcare providers who are by law authorized to prescribe drugs in accordance with their

12   approval by the FDA.  Defendant states that Celebrex® was and is safe and effective when used

13   in accordance with its FDA-approved prescribing information.   Defendant states that the

14   potential effects of Celebrex® were and are adequately described in its FDA-approved

15   prescribing information, which at all times was adequate and comported with applicable

16   standards of care and law.  Defendant denies any wrongful conduct and denies the remaining

17   allegations in this paragraph of the Complaint.

18   89.    Defendant states that Celebrex® was and is safe and effective when used in accordance

19   with its FDA-approved prescribing information.  Defendant states that the potential effects of

20   Celebrex® were and are adequately described in its FDA-approved prescribing information,

21   which at all times was adequate and comported with applicable standards of care and law.

22   Defendant denies any wrongful conduct, denies that Celebrex® is defective, denies that

23   Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations

24   in this paragraph of the Complaint.

25   **Response to Ninth Cause of Action: Implied Warranty of Fitness**

26   90.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

27   Complaint as if fully set forth herein.

28   91.    Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-19-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Celebrex® in the United States to be prescribed by healthcare providers who are by law

2    authorized to prescribe drugs in accordance with their approval by the FDA. Defendant states

3    that Celebrex® is a prescription medication which is approved by the FDA for the following

4    indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs

5    and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults;

6    (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous

7    colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g.,

8    endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing

9    spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in

10   patients two years of age and older. Defendant states that Celebrex® was and is safe and

11   effective when used in accordance with its FDA-approved prescribing information. Defendant

12   states that the potential effects of Celebrex® were and are adequately described in its FDA-

13   approved prescribing information, which at all times was adequate and comported with

14   applicable standards of care and law. Defendant denies any wrongful conduct and denies the

15   remaining allegations in this paragraph of the Complaint.

16   92.    Defendant is without knowledge or information sufficient to form a belief as to the truth

17   of the allegations in this paragraph of the Complaint regarding whether Decedent used

18   Celebrex®, and, therefore, denies the same. Defendant states that Celebrex® was and is safe

19   and effective when used in accordance with its FDA-approved prescribing information.

20   Defendant states that the potential effects of Celebrex® were and are adequately described in its

21   FDA-approved prescribing information, which at all times was adequate and comported with

22   applicable standards of care and law. Defendant denies any wrongful conduct and denies the

23   remaining allegations in this paragraph of the Complaint.

24   93.    Defendant states that Celebrex® was and is safe and effective when used in accordance

25   with its FDA-approved prescribing information. Defendant states that the potential effects of

26   Celebrex® were and are adequately described in its FDA-approved prescribing information,

27   which at all times was adequate and comported with applicable standards of care and law.

28   Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff or Decedent

1    injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

2    **Response to Tenth Cause of Action: Unlawful and Deceptive Business Practices**

3    94.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

4    Complaint as if fully set forth herein.

5    95.    Defendant is without knowledge or information sufficient to form a belief as to the truth

6    of the allegations in this paragraph of the Complaint regarding whether Decedent used

7    Celebrex®, and, therefore, denies the same.  Defendant admits that, during certain periods of

8    time, Pfizer marketed and co-promoted Celebrex® in the United States to be prescribed by

9    healthcare providers who are by law authorized to prescribe drugs in accordance with their

10   approval by the FDA.  Defendant admits that Pfizer provided FDA-approved prescribing

11   information regarding Celebrex®.  Defendant denies the remaining allegations in this paragraph

12   of the Complaint.

13   96.    Defendant states that Celebrex® was and is safe and effective when used in accordance

14   with its FDA-approved prescribing information.  Defendant states that the potential effects of

15   Celebrex® were and are adequately described in its FDA-approved prescribing information,

16   which at all times was adequate and comported with applicable standards of care and law.

17   Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

18   of the Complaint.

19   97.    Defendant is without knowledge or information sufficient to form a belief as to the truth

20   of the allegations in this paragraph of the Complaint regarding whether Decedent used

21   Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe

22   and effective when used in accordance with its FDA-approved prescribing information.

23   Defendant denies the remaining allegations in this paragraph of the Complaint.

24   98.    Defendant is without knowledge or information sufficient to form a belief as to the truth

25   of the allegations in this paragraph of the Complaint regarding whether Decedent used

26   Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe

27   and effective when used in accordance with its FDA-approved prescribing information.

28   Defendant denies the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

99.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

100.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

101.    Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

### Response to Allegations Regarding Punitive Damages

102.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Celebrex® is defective, denies that Celebrex® caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

### Response to Jury Demand

103.    This paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required.

### Response to Prayer For Relief

Answering the unnumbered paragraph of the Complaint entitled "Prayer for Relief,"

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this paragraph of the Complaint, including all subparts.

## I.

## GENERAL DENIAL

Defendant denies all allegations and/or legal conclusions set forth in Plaintiff's Complaint that have not been previously admitted, denied, or explained.

## III.

## AFFIRMATIVE DEFENSES

Defendant reserves the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial.  Defendant affirmatively shows that:

### First Defense

1.    The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2.    Celebrex® is a prescription medical product.  The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendant's labeling and warning of Celebrex® was at all times in compliance with applicable federal law.  Plaintiff's causes of action against Defendant, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.    At all relevant times, Defendant provided proper warnings, information, and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.    At all relevant times, Defendant's warnings and instructions with respect to the use of Celebrex® conformed to the generally recognized, reasonably available, and reliable state of

1  knowledge at the time the drug was manufactured, marketed, and distributed.

2  ### Fifth Defense

3  5.    Plaintiff's action is time-barred as it is filed outside of the time permitted by the

4  applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendant.

5  ### Sixth Defense

6  6.    Plaintiff's action is barred by the statute of repose.

7  ### Seventh Defense

8  7.    Plaintiff's claims against Defendant are barred to the extent Plaintiff and Decedent were

9  contributorily negligent, actively negligent or otherwise failed to mitigate their damages, and

10  any recovery by Plaintiff should be diminished accordingly.

11  ### Eighth Defense

12  8.    The proximate cause of the loss complained of by Plaintiff is not due to any acts or

13  omissions on the part of Defendant.  Rather, said loss is due to the acts or omissions on the part

14  of third parties unrelated to Defendant and for whose acts or omissions Defendant is not liable

15  in any way.

16  ### Ninth Defense

17  9.    The acts and/or omissions of unrelated third parties as alleged constituted independent,

18  intervening causes for which Defendant cannot be liable.

19  ### Tenth Defense

20  10.    Any injuries or expenses incurred by Plaintiff or Decedent were not caused by

21  Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction,

22  operation of nature, or act of God.

23  ### Eleventh Defense

24  11.    Defendant affirmatively denies that it violated any duty owed to Plaintiff or Decedent.

25  ### Twelfth Defense

26  12.    A manufacturer has no duty to warn patients or the general public of any risk,

27  contraindication, or adverse effect associated with the use of a prescription medical product.

28  Rather, the law requires that all such warnings and appropriate information be given to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product. Celebrex® is a prescription medical product, available only on the order of a licensed physician. Celebrex® provided an adequate warning to Decedent's treating and prescribing physicians.

### Thirteenth Defense

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

### Fourteenth Defense

14.    Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Celebrex® at the time of the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

### Fifteenth Defense

15.    Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Decedent was prepared in accordance with the applicable standard of care.

### Sixteenth Defense

16.    Plaintiff's and Decedent's alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Celebrex® after the product left the control of Defendant and any liability of Defendant is therefore barred.

### Seventeenth Defense

17.    Plaintiff's alleged damages were not caused by any failure to warn on the part of Defendant.

### Eighteenth Defense

18.    Plaintiff's and Decedent's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

### Nineteenth Defense

19.    Plaintiff and Decedent knew or should have known of any risk associated with Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Twentieth Defense**

20.     Plaintiff is barred from recovering against Defendant because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.     Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.     The manufacture, distribution, and sale of the pharmaceutical product referred to in Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiff's causes of action are preempted.

**Twenty-third Defense**

23.     Plaintiff's claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

**Twenty-fourth Defense**

24.     Plaintiff's claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

**Twenty-fifth Defense**

25.     Plaintiff's claims are barred in whole or in part because Defendant provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to § 402A of the Restatement (Second) of Torts.

**Twenty-sixth Defense**

26.     Plaintiff's claims are barred or limited to a product liability failure to warn claim because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

**Twenty-seventh Defense**

2  27.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical

3  product at issue "provides net benefits for a class of patients" within the meaning of Comment f

4  to § 6 of the Restatement (Third) of Torts: Products Liability.

5

**Twenty-eighth Defense**

6  28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

7  Products Liability.

8

**Twenty-ninth Defense**

9  29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead

10  facts sufficient under the law to justify an award of punitive damages.

11

**Thirtieth Defense**

12  30.    Defendant affirmatively avers that the imposition of punitive damages in this case

13  would violate Defendant's rights to procedural due process under both the Fourteenth

14  Amendment of the United States Constitution and the Constitutions of the States of Texas and

15  California, and would additionally violate Defendant's rights to substantive due process under

16  the Fourteenth Amendment of the United States Constitution.

17

**Thirty-first Defense**

18  31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and

19  Fourteenth Amendments to the United States Constitution.

20

**Thirty-second Defense**

21  32.    The imposition of punitive damages in this case would violate the First Amendment to

22  the United States Constitution.

23

**Thirty-third Defense**

24  33.    Plaintiff's punitive damage claims are preempted by federal law.

25

**Thirty-fourth Defense**

26  34.    In the event that reliance was placed upon Defendant's nonconformance to an express

27  representation, this action is barred as there was no reliance upon representations, if any, of

28  Defendant.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Thirty-fifth Defense**

35.    Plaintiff and Decedent failed to provide Defendant with timely notice of any alleged nonconformance to any express representation.

**Thirty-sixth Defense**

36.    To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendant's rights under the United States Constitution.

**Thirty-seventh Defense**

37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

**Thirty-eighth Defense**

38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitutions of the States of Texas and California.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)  permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff or Decedent; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff or Decedent and to the

amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendant; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

**Thirty-ninth Defense**

39.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

**Fortieth Defense**

40.    The claims asserted in the Complaint are barred because Celebrex® was designed, tested, manufactured, and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

**Forty-first Defense**

41.    If Plaintiff and Decedent have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendant and over whom Defendant had no control and for whom Defendant may not be held accountable.

**Forty-second Defense**

42.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    **Forty-third Defense**

2    43.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches,

3    waiver, and/or estoppel.

4    **Forty-fourth Defense**

5    44.    Plaintiff's claims are barred because Plaintiff's and Decedent's injuries, if any, were the

6    result of the pre-existing and/or unrelated medical, genetic, and/or environmental conditions,

7    diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff

8    and Decedent, and were independent of or far removed from Defendant's conduct.

9    **Forty-fifth Defense**

10   45.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

11   did not proximately cause injuries or damages to Plaintiff or Decedent.

12   **Forty-sixth Defense**

13   46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff

14   and Decedent did not incur any ascertainable loss as a result of Defendant's conduct.

15   **Forty-seventh Defense**

16   47.    The claims asserted in the Complaint are barred, in whole or in part, because the

17   manufacturing, labeling, packaging, and any advertising of the product complied with the

18   applicable codes, standards and regulations established, adopted, promulgated or approved by

19   any applicable regulatory body, including but not limited to the United States, any state, and

20   any agency thereof.

21   **Forty-eighth Defense**

22   48.    The claims must be dismissed because Decedent would have taken Celebrex® even if

23   the product labeling contained the information that Plaintiff contends should have been

24   provided.

25   **Forty-ninth Defense**

26   49.    The claims asserted in the Complaint are barred because the utility of Celebrex®

27   outweighed its risks.

28

1

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fiftieth Defense**

50.    Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

**Fifty-first Defense**

51.    Defendant's liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined.    Defendant seeks an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff and Decedent.

**Fifty-second Defense**

52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-third Defense**

53.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®.    Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

**Fifty-fourth Defense**

54.    Plaintiff's misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

**Fifty-fifth Defense**

55.    Defendant states on information and belief that the Complaint and each purported cause

-31-

1    of action contained therein is barred by the statutes of limitations contained in California Code

2    of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation

3    as may apply.

4                                      **Fifty-sixth Defense**

5    56.    Defendant states on information and belief that any injuries, losses, or damages suffered

6    by Plaintiff and Decedent were proximately caused, in whole or in part, by the negligence or

7    other actionable conduct of persons or entities other than Defendant.   Therefore, Plaintiff's

8    recovery against Defendant, if any, should be reduced pursuant to California Civil Code

9    § 1431.2.

10                                    **Fifty-seventh Defense**

11   57.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of

12   Defendant, no act or omission was oppressive, fraudulent, or malicious under California Civil

13   Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive

14   damages is also barred under California Civil Code § 3294(b).

15                                     **Fifty-eighth Defense**

16   58.    The claims asserted in the Complaint are barred, in whole or in part, because Defendant

17   did not violate the Illinois Consumer Fraud and Deceptive Business Practice Act, 815 ILCS

18   505/1 *et seq.*, and/or this Act is not applicable to this matter and/or to this Plaintiff.

19                                      **Eightieth Defense**

20   59.    Defendant reserves the right to supplement its assertion of defenses as it continues with

21   its factual investigation of Plaintiff's claims.

22                                             **IV.**

23                                          **PRAYER**

24   WHEREFORE, Defendant prays for judgment as follows:

25   1.    That Plaintiff takes nothing from Defendant by reason of the Complaint;

26   2.    That the Complaint be dismissed;

27   3.    That Defendant be awarded its costs for this lawsuit;

28   4.    That the trier of fact determine what percentage of the combined fault or other liability

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

of all persons whose fault or other liability proximately caused Plaintiff's and Decedent's alleged injuries, losses or damages is attributable to each person;

5.  That any judgment for damages against Defendant in favor of Plaintiff be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiff's and Decedent's injuries and damages; and

6.  That Defendant has such other and further relief as the Court deems appropriate.

December 12, 2007                                    GORDON & REES LLP


                                                    By: : _____/s/_____

                                                        Stuart M. Gordon
                                                        sgordon@gordonrees.com
                                                        Embarcadero Center West
                                                        275 Battery Street, 20th Floor
                                                        San Francisco, CA 94111
                                                        Telephone:  (415) 986-5900
                                                        Fax:  (415) 986-8054


December 12, 2007                                    TUCKER ELLIS & WEST LLP


                                                    By: : _____/s/_____

                                                        Michael C. Zellers
                                                        michael.zellers@tuckerellis.com
                                                        515 South Flower Street, Suite 4200
                                                        Los Angeles, CA 90071
                                                        Telephone:  (213) 430-3400
                                                        Fax:  (213) 430-3409

                                                        Attorneys for Defendant
                                                        PFIZER INC.

1

## JURY DEMAND

2   Defendant Pfizer Inc. hereby demands a trial by jury of all the facts and issues in this

3  case pursuant to 38(b) of the Federal Rules of Civil Procedure.

4  December 12, 2007                         GORDON & REES LLP

5

6                                            By: :_____/s/_____

7                                            Stuart M. Gordon
                                             sgordon@gordonrees.com
8                                            Embarcadero Center West
                                             275 Battery Street, 20th Floor
9                                            San Francisco, CA  94111
                                             Telephone:  (415) 986-5900
10                                           Fax:  (415) 986-8054

11

12  December 12, 2007                        TUCKER ELLIS & WEST LLP

13

14                                           By: :_____/s/_____

15                                           Michael C. Zellers
                                             michael.zellers@tuckerellis.com
16                                           515 South Flower Street, Suite 4200
                                             Los Angeles, CA 90071
17                                           Telephone:  (213) 430-3400
                                             Fax:  (213) 430-3409

18                                           Attorneys for Defendant
                                             PFIZER INC.
19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111